UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITYLIGHTS DISTRIBUTION, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>FANX, INC. d/b/a GAMEDAY VR,<br><br>                Defendant. | Case No.: 1:23-cv-8397 (VEC)<br><br>**DECLARATION OF PHILIP M. SMITH IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT** |

I, Philip M. Smith, declare as follows:

1. I am a partner at Kravit Smith LLP, counsel to Plaintiff CityLights Distribution, LLC ("Plaintiff") in this action.

2. I make this declaration in accordance with Rule 55(b) of the Federal Rules of Civil Procedure ("FRCP"), Local Civil Rule 55.2(b), the Court's Individual Rules of Practice in Civil Cases and the Court direction on November 6, 2023 to Plaintiff to file a proposed order to show cause why a default judgment should not be issued against Defendant (Dkt. 9).

**Basis for Entering Default Judgment**

3. Plaintiff commenced this action on September 22, 2023 by filing the Complaint (Dkt. 1), and attached hereto as Exhibit A. The Summons, Complaint, the Civil Cover Sheet, the Rule 7.1 Disclosure Statement, the SDNY's Electronic Filing Rules and Instructions, and the Court's Individual Practices in Civil Cases were served on Defendant on October 5, 2023 by personal delivery to Defendant's Chief Executive Officer, Andrew Won, at Defendant's office.

4. A copy of the Proof of Service upon Defendant was filed with the Court via ECF on October 13, 2023 (Dkt. 7), and is attached hereto as Exhibit B.

5. Defendant has not responded to the Complaint.

**Basis for Subject Matter Jurisdiction**

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff is a Delaware limited liability company whose sole member is a resident of Florida, and Defendant is a California corporation.

**Procedural History**

7. Defendant was required to respond to the Complaint by October 26, 2023 and failed to do so.

8. On November 7, 2023, my partner Craig Kravit and I had a telephone conference with Defendant's CEO, Andrew Won, who is also a lawyer. Among other things, we noted that Defendant was in default and told him that the Court had just directed Plaintiff to file a proposed order to show cause as to why a default judgment should not be entered against Defendant. I forwarded the Court's direction to file the order to show cause to Mr. Won on November 8, 2023. Mr. Won has never indicated whether and when Defendant would respond to the Complaint.

9. At 11:18 today, Mr. Won stated in an email today that "we are in the process of filing our response today. However, Plaintiff is filing this proposed order to show cause and supporting documents today as directed by the Court.

**Damages**

10. As alleged in the Complaint, Defendant has the obligation under the parties' Equipment Financing, Equipment Placement, Content Development, and Licensing Agreement dated as of June 10, 2022 (the "Equipment and Content Agreement") to (a) provide Plaintiff with

all information concerning the parties' joint development of virtual reality entertainment at Fisherman's Wharf in the San Francisco Bay area and (b) pay Plaintiff for the use of its content and virtual reality equipment. With few exceptions, Defendant has failed to provide Plaintiff with any of the required information from which Plaintiff could calculate what it is owed by Defendant, and has failed to pay Plaintiff any amount. As such, Plaintiff is unable to calculate the damages it has suffered and will need to compel the production of that information, after which the Court can hold an inquest.

11. Separately, Plaintiff has lent Defendant $450,000 and Plaintiff has purchased $1.2 million in preferred equity issued by Defendant. Pursuant to the Investor Rights Agreement governing Plaintiff's equity investment (the "IRA"), Plaintiff is entitled to comprehensive information concerning FanX that is even broader than the information to which Plaintiff was entitled under the Equipment and Content Agreement at issue in this action. Defendant has steadfastly refused to produce any information concerning Defendant and its finances. However, the IRA has an arbitration clause and Plaintiff has commenced an arbitration proceeding against Defendant before the AAA. Unless and until Defendant produces information concerning Defendant's business in this action and/or the arbitration, Plaintiff is unable to calculate its damages.

**Proof of Service**

12. A copy of the Proof of Service upon Defendant was filed with the Court via ECF on October 13, 2023 (Dkt. 7) and is attached hereto as Exhibit B.

**Clerk's Certificate of Default**

13. Plaintiff filed a request for the Clerk's Certificate of Default on November 17, 2023 which has not been issued by the Clerk as of the time of this filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2023

_/s/ Philip M. Smith_<br>Philip M. Smith