UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CITYLIGHTS DISTRIBUTION, LLC,

        Plaintiffs,

vs.

FANX, INC. d/b/a GAMEDAY VR,

        Defendant.

---

Case No. 23-cv-8397-VEC

ECF Case

**ANSWER WITH COUNTERCLAIM**

Defendant FanX, Inc. ("Defendant" or "FanX"), by and through its attorneys Morgan, Lewis & Bockius LLP, as for its answer (the "Answer") to the allegations in the First Amended Complaint of Plaintiffs CityLights Distribution, LLC ("CityLights") and David Ganek ("Ganek," together with CityLights "Plaintiffs"), filed March 14, 2024 (the "Complaint"), hereby alleges as follows:

Each Paragraph of this Answer responds to the same numbered paragraph of Plaintiffs' Complaint. FanX denies all of the allegations of Plaintiffs' Complaint, except those specifically admitted in this Answer.

The allegations of Plaintiffs' Complaint repeatedly use the defined term "FanX," which the Complaint defines to mean "FanX, LLC d/b/a Gameday VR." That is a different entity than the one named as the Defendant in this action, "FanX, Inc. d/b/a Gameday VR." For the avoidance of doubt, Defendant denies all of the allegations of Plaintiffs' Complaint as they relate to "FanX, LLC d/b/a Gameday VR." In this Answer, Defendant construes the defined term "FanX" to mean Defendant, "FanX, Inc. d/b/a Gameday VR," and responds to Plaintiffs' allegations as thus construed.

# INTRODUCTION[1]

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, except admits that Defendant is engaged in the business of operating location-based virtual reality entertainment venues.

2. Defendant admits that Ganek and FanX entered into an Investment Rights Agreement. The remaining allegations contained in Paragraph 2 of the Complaint purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

3. Defendant admits that CityLights and FanX, Inc. entered into an "Equipment Placement and Content Agreement" and an "Equipment Financing, Equipment Placement, Content Development, and Licensing Agreement" (collectively, the "Equipment Agreement"). The remaining allegations contained in Paragraph 3 of the Complaint purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint, except to the extent they purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, as to which no response is required.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint, except to the extent they purport to state legal conclusions, as to which no response is required.

---

[1] The section headings included herein are included only for the purposes of organization and ease of reference, and Defendant does not admit, but rather specifically denies, any factual or legal allegations in the headings used in the Complaint.

## THE PARTIES

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that FanX, Inc. is a California corporation with headquarters at 22 Observation Place, Oakland, California 94611.

## JURISDICTION AND VENUE

8. The allegations contained in Paragraph 8 of the Complaint purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, except to the extent they purport to state legal conclusions, as to which no response is required.

10. The allegations contained in Paragraph 10 of the Complaint purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

## FACTUAL BACKGROUND

**Ganek's Rights to Information Concerning FanX**

11. Defendant admits that Ganek and FanX entered into a Series A Preferred Stock and Warrant Purchase Agreement (the "Stock Purchase Agreement"). The remaining allegations contained in Paragraph 11 of the Complaint purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

12. Defendant admits that Ganek and FanX entered into an Investor Rights Agreement. The remaining allegations contained in Paragraph 12 of the Complaint purport to

state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

13. The allegations contained in Paragraph 13 of the Complaint purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

14. The allegations contained in Paragraph 14 of the Complaint purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

15. The allegations contained in Paragraph 15 of the Complaint purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

16. The allegations contained in Paragraph 16 of the Complaint purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

**FanX Has Repeatedly Breached the IRA**

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint, except to the extent they purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, as to which no response is required.

**FanX Has Breached The Equipment Agreement**

18. Defendant admits that Plaintiffs and FanX, Inc. entered into the Equipment Agreement.  The remaining allegations contained in Paragraph 18 of the Complaint purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

19. The allegations contained in Paragraph 19 of the Complaint purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

20. The allegations contained in Paragraph 20 of the Complaint purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. The allegations contained in Paragraph 22 of the Complaint purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint, except to the extent they purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, as to which no response is required.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint, except to the extent they purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, as to which no response is required.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint, except to the extent that they purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, as to which no response is required.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint, except to the extent that they purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, as to which no response is required.

## COUNT I
### (Breach of Contract – Failure to Pay Revenue)

27. Defendant realleges and incorporates by reference its responses to the allegations in Paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. The allegations contained in Paragraph 28 of the Complaint purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint, except to the extent that they purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, as to which no response is required.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint, except to the extent that they purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, as to which no response is required.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint, except to the extent that they purport to state legal conclusions, as to which no response is required.

## COUNT II
### (Breach of Contract – Breach of the Duty to Collaborate)

32. Defendant realleges and incorporates by reference its responses to the allegations in Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. The allegations contained in Paragraph 33 of the Complaint purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, and no response is required.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint, except to the extent that they purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, as to which no response is required.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint, except to the extent that they purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, as to which no response is required.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint, except to the extent that they purport to state legal conclusions, as to which no response is required.

## COUNT III
### (Breach of Contract – Breach of the Ganek's Information and Observer Rights)

37.     Defendant realleges and incorporates by reference its responses to the allegations in Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint, except to the extent that they purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, as to which no response is required.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint, except to the extent that they purport to state legal conclusions or to characterize the contents of written documents that speak for themselves, as to which no response is required.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any relief whatsoever.

## DEMAND FOR TRIAL BY JURY

Defendant denies that Plaintiffs are entitled to a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any matter for which the burden rests upon Plaintiffs, or waiving defenses not raised below that it need not plead at this time, Defendant asserts the following defenses with respect to the Complaint:

1. Plaintiffs' claims should be dismissed, in whole or part, because the Complaint fails to state any cause of action against Defendant.

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

3. Plaintiffs' claims are barred, in whole or in part, because by Plaintiffs' acts, conduct and/or omissions, Plaintiffs have knowingly and voluntarily waived any purported causes of action.

4. Plaintiffs' claims are barred, in whole or in part, by ratification.

5. Plaintiffs' claims are barred, in whole or in part, because by virtue of Plaintiffs' acts, conduct and/or omissions, Plaintiffs are estopped from asserting that they are entitled to any recovery or relief with respect to any of the purported causes of action alleged in the Complaint.

6. Plaintiffs' claims for damages, if any, are barred because Plaintiffs failed to mitigate any damages they allegedly suffered.

7. Plaintiffs' claims are barred, in whole or in part, by the unclean hands of Plaintiffs.

8. Plaintiffs' claims are barred, in whole or in part, by the doctrine of in pari delicto.

9. Plaintiffs' claims are barred, in whole or in part, because of and based upon the culpable conduct of Plaintiffs.

10. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise any applicable rights they may have had under the Equipment Agreement and/or Investor Rights Agreement.

11. Plaintiffs' claims are barred, in whole or in part, because Defendant never assumed the purported duties or obligations alleged in the Complaint.

12. Plaintiffs' claim against Defendant is barred, in whole or in part, because Defendant did not breach any of the purported duties or obligations alleged in the Complaint, whether imposed by the Equipment Agreement, the Investor Rights Agreement, any other contract, common law, or statute, if at all, and Defendant's conduct did not, directly or indirectly, constitute unlawful acts.

13. Plaintiffs' claims against Defendant are barred because Plaintiffs have not sustained any injury in fact or damages as a consequence of Defendant's alleged actions or inactions.

14. Plaintiffs' claims against Defendant are barred by the doctrine of laches.

15. Plaintiffs' claims are barred, in whole or in part, by the assumption of the risk.

16. Plaintiffs' claims are barred, in whole or in part, to the extent any damages or losses allegedly sustained by Plaintiffs were the direct and proximate result of intervening and superseding actions or omissions by third parties for which Defendant may not be held liable, precluding Plaintiffs from any recovery from Defendant, or entitling Defendant to indemnity or contribution from those third parties.

17. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages are too remote and speculative to form the basis for any relief.

18. Plaintiffs' claims are barred, in whole or in part, to the extent they are based upon the theory that Defendant failed to take required action that Defendant did, in fact, undertake.

19. Plaintiffs' claims are barred, in whole or in part, because Defendant duly performed, satisfied and discharged all duties and obligations that it undertook under the Equipment Agreement.

20. Plaintiffs' claims are barred, in whole or in part, because Defendant duly performed, satisfied and discharged all duties and obligations that it undertook under the Investor Rights Agreement.

21. Plaintiffs' claims fail because any and all actions taken by Defendant with respect to any of the matters alleged in the Complaint were taken in accordance with established industry practice.

22. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed any of the relief sought in the Complaint.

23. Without conceding that any act of Defendant caused damage to Plaintiffs in any respect, Defendant is entitled to offset or recoupment against any judgment that may be entered for Plaintiffs. If Plaintiffs sustained any damages as a result of the conduct alleged in the Complaint, which Defendant denies, then such damages must be offset by any gains obtained by Plaintiffs and/or any damages Plaintiffs caused to Defendant.

24. In the event Plaintiffs recover a verdict or judgment against Defendant for any past or future claimed economic loss, said verdict or judgment must be reduced by any applicable collateral source or recovery, and any double recovery is prohibited.

25. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have or had the benefit of a guarantee from a third party.

26. Defendant asserts that it presently has insufficient knowledge and information upon which to form a belief as to whether it may have additional, and as yet unstated, separate and additional defenses. Accordingly, Defendant hereby reserves the right to assert additional defenses in the event discovery reveals facts that render such defenses appropriate.

**COUNTERCLAIM**
**(For Breach of Contract)**

FanX, as and for its counterclaim against CityLights, alleges as follows:

1. This counterclaim is brought based on the same commercial relationship alleged in the Complaint.

2. On or about July 20, 2021, CityLights shipped to FanX eighteen (18) Positron chairs (the "Chairs"). CityLights shipped each Chair to FanX in two pieces, each piece within a separate large wooden crate (the "Crates"). In all, CityLights shipped the Chairs in thirty-six (36) Crates.

3. On or about July 20, 2021, FanX accepted delivery of the Chairs and the Crates. Beginning on that date, FanX maintained possession of the Crates and stored them for CityLights.

4. On or about July 28, 2022, Andrew Won ("Won") of FanX informed Lon Nunley ("Nunley") of CityLights via telephone that FanX could no longer continue to store the Crates for CityLights.

5. During the July 28, 2022 telephone call, Nunley asked Won if FanX could continue to store the Crates for CityLights if CityLights agreed to compensate FanX for continuing to store them.

6.  During the July 28, 2022 telephone call, Won and Nunley agreed that CityLights would pay FanX a fee in the amount of $1,500 per month for FanX to continue to store the Crates.

7.  FanX continued to store the Crates for 13½ months, until September 14, 2023. Based on the agreement between Won (on behalf of FanX) and Nunley (on behalf of CityLights), CityLights is required to pay FanX a fee of $20,250 in exchange for this storage.

8.  CityLights has not paid FanX for storing the Crates and has thus breached its agreement to do so.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant FanX prays for judgment as follows:

1.  That Plaintiffs take nothing by way of their Complaint as against Defendant and that judgment be entered entirely in favor of Defendant;

2.  On the Counterclaim, damages in an amount to be determined at trial, but in any event, no less than $20,250, plus interest, costs, expenses, disbursements; and

3.  Such other and further relief as the Court shall deem just and proper.

Dated: New York, NY
March 28, 2024

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Grant R. MacQueen*
    Grant R. MacQueen (GM2720)
    101 Park Avenue
    New York, New York 10178
    (212) 309-6000

*Attorneys for Defendant FanX, Inc.*